**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **KENYA WARD GAMBLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-2 (MTT)** |
| | ) | |
| **Deputy BROOKS** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

Plaintiff Kenya Ward Gamble[1] filed this pro se action and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP").  Docs. 1; 2.  As discussed below, Gamble satisfies the requirements of poverty, and his motion to proceed IFP (Doc. 2) is **GRANTED**.  Along with granting Gamble IFP status, the Court must also screen his complaint pursuant to 28 U.S.C. § 1915(e).  After screening, the Court concludes that Gamble's complaint is deficient.  Accordingly, within twenty-one days of the entry of this order Gamble is **ORDERED TO AMEND** his complaint as stated in this order.  Failure to fully and timely comply with this order may result in the dismissal of this action.

Further, pursuant to Local Rule 3.4, the Clerk is **DIRECTED** to transfer this case to the Athens Division where the defendants reside.

---

[1] Gamble styled his complaint as "Kirin Rogi Bey *ex rel.* Kenya Ward Gamble."  It is apparent that Kenya Ward Gamble is the actual party.

# I. DISCUSSION [2]

## A. Financial Status

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). To show poverty, the plaintiff need not show that he is "absolutely destitute." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. Where a plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*.

Here, Gamble's financial affidavit states that he is unemployed with an average monthly income of $0.00. Doc. 2 at 1-2. Accordingly, the Court finds that Gamble is unable to pay the costs and fees associated with this lawsuit, and his motion to proceed IFP (Doc. 2) is **GRANTED**.

---

[2] Motions to proceed IFP are governed by 28 U.S.C. § 1915(a). Section 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

**B. Frivolity Review**

Along with granting Gamble IFP status, the Court must review and dismiss his complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[3]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Gamble filed this lawsuit against Deputy Brooks and the "Oglethorpe County Sheriffs."  Docs. 1; 1-1.  Gamble alleges that on December 12th,[4] Deputy Brooks, who is allegedly employed by the Oglethorpe County Sheriff's office, interrupted his travels and forced him out of his vehicle, or "conveyance," without justification.  Doc. 1-2 at 1. Deputy Brooks allegedly searched Gamble's vehicle unlawfully and discovered a natural plant assumed to be an illegal drug.  *Id*.  Gamble also alleges Deputy Brooks transported him to a facility described as poorly funded, where he was placed in a

---

[3] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.*"  In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

[4] Gamble does not provide the year the alleged incidents occurred.

holding cell with an individual showing symptoms of heroin withdrawal, resulting in unsanitary conditions (i.e., the presence of fecal matter). *Id.* Last, Gamble alleges Deputy Brooks slandered him by referring to him as a "black man" and refused to acknowledge his claimed nationality. *Id.* In his prayer for relief, Gamble requests $1,000,000, claiming his name and reputation has been slandered. Doc. 1 at 4.

The only potential claims raised in Gamble's complaint are for unlawful search and seizure. But Gamble's allegations fail to provide sufficient information to support either claim. *See, e.g.*, *Adams v. Off. of Governor*, 818 F. App'x 887, 888-89 (11th Cir. 2020) (discussing pleading requirements for claims of unlawful search and seizure).

The Fourth Amendment protects individuals from unreasonable search and seizure. U.S. Const. amend. IV. "A traffic stop is a seizure within the meaning of the Fourth Amendment." *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001) (citing *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)). To state a claim based on an unconstitutional seizure, Gamble must demonstrate that a seizure occurred and that it was unreasonable. *Evans v. Hightower*, 117 F.3d 1318, 1320 (11th Cir. 1997). Here, Gamble does not allege any facts regarding the circumstances of the traffic stop, so the Court is unable to assess the reasonableness of Deputy Brook's actions. Nor does he allege any facts that could support a claim against the "Oglethorpe County Sheriffs." *See Brown v. Columbus Police Dep't*, 2024 WL 3451862, at *4 (11th Cir. July 18, 2024) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)).

Given Gamble's pro se status, however, the Court will afford him an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). The Court will not look back to the facts alleged in the original

4

complaint once the amended complaint is filed; the Court will only consider the facts in

the amended complaint when it conducts the frivolity review required by §

1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding

that the filing of an amended pleading renders the previous pleading a "legal nullity").

In the "statement of claims" section of his amended complaint, Gamble must link

any claims he makes to the named defendant. If Gamble fails to link the named

defendant to a claim, the claim will be dismissed; if Gamble makes no allegations in the

body of his complaint against the named defendant, that defendant will be removed

from the action and dismissed. Gamble must provide enough facts to plausibly

demonstrate that the defendant's actions or omissions resulted in the violation of his

rights under a specific law. It is also recommended that, when drafting his "statement of

claims," Gamble list numbered responses to the following questions (to the extent

possible) along with the name of the defendant:

(1) What did the defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Gamble injured as a result of the defendant's actions?

## II. CONCLUSION

For the foregoing reasons, Gamble's motion to proceed IFP (Doc. 2) is

**GRANTED**. Pursuant to 28 U.S.C. § 1915(e), Gamble is **ORDERED TO AMEND** his

complaint as stated in this order within twenty-one days of the entry of this order.

Failure to fully and timely comply with this order may result in the dismissal of this

action.[5]  Further, pursuant to Local Rule 3.4, the Clerk is **DIRECTED** to transfer this

case to the Athens Division where the defendants reside.


      **SO ORDERED**, this 17th day of January, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[5] *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch*. Dist., 570 F.2d 541, 544 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981).